### ROBERT ARMSTRONG *vs.* THOMAS F. PEARCE.

Though a scroll is a sufficient sealing of an instrument, some seal must appear on its face. The words " witness my hand and seal" are not sufficient.

ACTION on the case on a promissory note, dated 26th of April, 1831. Pleas, non-assumpsit, payment, set-off and limitation.

*Mr. Wolfe* moved a nonsuit, because the form of action was mis-

taken; the instrument being under seal, the action should be debt, and not case.

*Mr. Platt* denied that the instrument was under seal. There was no seal to it; though the note ran " witness my hand *and seal.*"

*The Court* refused the nonsuit. A seal upon wax is not necessary; but something designed to answer the purpose of a seal is necessary. The expression in the body of the note "witness my hand and seal," does not make the seal; and there is not even any thing to leave to the jury, to show there was ever a seal made to the note. It may seem absurd to give consequence to a mere scroll seal made by the flourish of a pen; but such a seal is as good at this day as the wax seal was formerly. Once it answered the purpose of identification, being marked with a device belonging to the party who used it; now the identification is produced by the signature; and the seal now as well as formerly, fixes the character of the instrument to which it is affixed. This is a useful purpose. It is well understood that when a seal is used, it imports deliberation and solemnity in the transaction; that it imparts an importance and finality to it, which do not belong to instruments not under seal.

This use of a seal is equally important as when the impression was made upon wax; and it would be dangerous to imply the seal, where no other evidence existed of the party ever having executed a paper under seal, than the expression "witness my hand and seal." (53 *Eng. Com. Law Rep.*, 232.)

Verdict for plaintiff.

*Platt*, for plaintiff.

*Wolfe*, for defendant.